# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| CAIN BROTHERS, A DIVISION OF KEYBANC CAPITAL MARKETS INC., <br><br> Plaintiff, <br><br> v. <br><br> DEKALB MEDICAL CENTER, INC., <br><br> Defendant. | Civil Action File No.: <br> _____ |

## COMPLAINT

Plaintiff Cain Brothers, a division of KeyBanc Capital Markets Inc. (fka Cain Brothers & Company, LLC) ("Cain Brothers"), for its Complaint against defendant DeKalb Medical Center, Inc. ("DeKalb" or "Defendant"), alleges as follows:

### INTRODUCTION

1. This action stems from Defendant DeKalb's failure to pay for financial advisory services that Cain Brothers provided to DeKalb in connection with an M&A transaction pursuant to a written engagement agreement. Cain Brothers successfully provided all the services required under the engagement

agreement, and all conditions precedent to payment have been satisfied, yet DeKalb has not paid Cain Brothers all the compensation that is due under the agreement, including a net transaction fee of Four Million Seven Hundred Fifty Thousand Dollars ($4,750,000.00), and out-of-pocket expenses of Forty-One Thousand Twenty Four Dollars and Seventy-Three Cents ($41,024.73), for a total amount due of Four Million Seven Hundred Ninety-One Thousand Twenty-Four Dollars and Seventy-Three Cents ($4,791,024.73).

2. As set forth below, under the engagement agreement, Cain Brothers is entitled to damages, costs, expenses, and reasonable attorneys' fees in this action as a result of DeKalb's breach of contract.

## THE PARTIES

3. Plaintiff Cain Brothers is a pre-eminent healthcare investment bank with its headquarters at 277 Park Avenue, New York, New York. Cain Brothers provides, among other things, M&A advisory services in the healthcare field. At the time the applicable engagement agreement was entered into, Cain Brothers was a limited liability company with its principal place of business at 365 Madison Avenue, New York, New York. Throughout the period of the engagement through to the closing of the M&A transaction, Cain Brothers' principal place of business was at 365 Madison Avenue, New York, New York or 277 Park Avenue, New

York, New York.  Cain Brothers was acquired by KeyBanc Capital Markets Inc. in October 2017.  KeyBanc Capital Markets Inc. is an Ohio corporation with its principal place of business in Cleveland, Ohio.

4. Defendant DeKalb is, upon information and belief, a Georgia nonprofit, tax-exempt corporation with its principal place of business at 2701 N. Decatur Road, Decatur, Georgia 30033.  DeKalb is part of an integrated healthcare delivery system, which includes multiple medical centers.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332.

6. This Court has personal jurisdiction over Defendant DeKalb because the Defendant is incorporated in the state of Georgia and is a citizen of this state.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this district and because the Defendant is subject to personal jurisdiction here.

## CAIN BROTHERS PROVIDED ADVISORY SERVICES TO DEKALB IN CONNECTION WITH A TRANSACTION

8. DeKalb, a non-profit healthcare organization, became interested in pursuing a potential M&A transaction in the healthcare field.

9. DeKalb retained Cain Brothers to be its financial advisor with respect to such potential transaction. DeKalb and Cain Brothers signed an engagement agreement dated April 3, 2017 (the "Engagement Agreement"), which sets forth the terms and conditions of their engagement.

10. Over the ensuing 18 months, Cain Brothers provided various financial and advisory services to DeKalb in accordance with the Engagement Agreement.

11. On or about August 31, 2018, with Cain Brothers' assistance, DeKalb entered into an M&A transaction with Emory Healthcare, Inc. (the "Transaction").

12. Under Section 5 of the Engagement Agreement, DeKalb is required to pay Cain Brothers various types of compensation in exchange for its services.

13. One particular fee owed under Section 5(d) is a "Transaction Fee" equal to specified percentages of the Aggregate Transaction Value (as defined therein). The Transaction Fee is earned only upon the consummation of a transaction, and is payable upon closing of such transaction.

14. The Transaction closed on or about August 31, 2018.

15. Pursuant to Section 5(d) of the Engagement Agreement, and based on the balance sheet as of the day that the Transaction closed, the Aggregate Transaction Value was calculated to be Four Hundred Seven Million One Hundred Thousand Dollars ($407,100,000.00). Based on this Aggregate Transaction Value,

the Transaction Fee was calculated to be Four Million Eight Hundred Fifty Thousand Dollars ($4,850,000.00), from which was deducted a previously-paid retainer fee of One Hundred Thousand Dollars ($100,000.00).

16. In anticipation of the closing of the Transaction, Cain Brothers submitted an invoice dated August 17, 2018 for the outstanding amount of the Transaction Fee ($4,750,000.00), plus out-of-pocket expenses ($41,024.73), for a total amount due of Four Million Seven Hundred Ninety-One Thousand Twenty-Four Dollars and Seventy-Three Cents ($4,791,024.73).

17. The Transaction Fee was due in full upon closing, while reimbursement of the out-of-pocket expenses was not contingent upon closing but rather was required to be paid "promptly."

## DEKALB HAS FAILED TO PAY AMOUNTS DUE UNDER THE ENGAGEMENT AGREEMENT

18. Despite written demands for payment, DeKalb has not paid the amounts due and owing under the Engagement Agreement.

19. Instead, at the time of closing, DeKalb tendered a check for less than half the amount due, with the express condition that negotiating the check would constitute payment in full and would release DeKalb from any and all present and future liability arising from or relating to payment for services pursuant to the Engagement Agreement. In other words, DeKalb presented a take it or leave it

offer of less than half of what was owed, but only if Cain Brothers released half its fees.

20.     Cain Brothers rejected this proposed accord and satisfaction and returned the partial payment check to DeKalb, without negotiating it.

21.     As a result, DeKalb has paid none of the amount invoiced - not even the portion of the Transaction Fee that is not in dispute or the out-of-pocket expenses (none of which are in dispute, to Cain Brothers' knowledge).

22.     Cain Brothers has incurred, and will continue to incur, legal expenses pursuing and vindicating its rights under the Engagement Agreement.

23.     The Engagement Agreement contains an attorneys' fees provision in Annex A, which requires DeKalb to pay Cain Brothers' fees and disbursements of counsel which relate to or arise out of actions taken or omitted to be taken by DeKalb or which are otherwise reasonably related to or arise out of Cain Brothers' activities on DeKalb's behalf in connection with the engagement.  The Engagement Agreement in Annex "A" further obligates DeKalb to reimburse Cain Brothers for all costs and expenses, including counsel fees and disbursements, "as they are incurred," in connection with investigating and preparing any action, claim or other proceeding.

24. Accordingly, under Annex A of the Engagement Agreement, DeKalb is obligated to pay Cain Brothers' counsel fees and disbursements in connection with this action, which relate to DeKalb's failure to pay the amounts owed in connection with Cain Brothers' activities on behalf of DeKalb.  DeKalb is also obligated to reimburse such counsel fees and disbursements "as they are incurred."

## FIRST CAUSE OF ACTION
## (BREACH OF CONTRACT)

25. Plaintiff repeats and realleges the allegations of paragraphs 1 through 24 of the Complaint as if fully set forth herein.

26. The Engagement Agreement is a valid, binding contract signed by two sophisticated parties.

27. Cain Brothers has fully performed its duties to DeKalb under the Engagement Agreement, including by providing the requisite financial advisory services to DeKalb in connection with the Transaction.

28. DeKalb has failed, without justification, to perform its duties to Cain Brothers, including by failing to pay the Transaction Fee and out-of-pocket expenses due upon closing of the Transaction, pursuant to the Engagement Agreement.

29. As a direct and proximate result of DeKalb's breach of contract for non-payment of amounts due under the Engagement Agreement, Cain Brothers has

been damaged in the amount of at least Four Million Seven Hundred Ninety-One Thousand Twenty-Four Dollars and Seventy-Three Cents ($4,791,024.73), plus attorneys' fees and interest.

## SECOND CAUSE OF ACTION
### (ATTORNEYS' FEES PURSUANT TO CONTRACT)

30. Plaintiff repeats and realleges the allegations of paragraphs 1 through 29 of the Complaint as if fully set forth herein.

31. By reason of DeKalb's failure to perform its duties under the Engagement Agreement as set forth above, including by failing to pay the Transaction Fee, Cain Brothers has incurred and continues to incur legal fees, costs, and expenses necessary to enforce its contractual rights.

32. Under the Engagement Agreement, DeKalb is obligated to pay the attorneys' fees and other legal fees, costs, and expenses incurred by and on behalf of Cain Brothers in connection with investigating, preparing, and litigating this action, including those already incurred and those that will be incurred in the future.

33. The Engagement Agreement provides that DeKalb is obligated to reimburse Cain Brothers for such legal fees, costs, and expenses "as they are incurred."

34. DeKalb has failed to reimburse Cain Brothers for such legal fees, costs, and expenses, directly resulting in damages suffered by Cain Brothers, which are continuing to accrue and will continue to accrue so long as this action is pending or Cain Brothers otherwise pursues its claim against DeKalb.

**WHEREFORE**, Plaintiff Cain Brothers, a division of KeyBanc Capital Markets, Inc., respectfully requests judgment against Defendant DeKalb Medical Center, Inc. awarding:

(a) damages to Cain Brothers in an amount to be determined at the time of trial, but not less than Four Million Seven Hundred Ninety-One Thousand Twenty-Four Dollars and Seventy-Three Cents ($4,791,024.73), plus interest from August 31, 2018;

(b) damages to Cain Brothers, in an amount to be determined at the time of trial or thereafter, in an amount equal to the total attorneys' fees, costs, disbursements, and expenses Cain Brothers incurred in connection with investigating, preparing, and litigating this action;

(c) pre-judgment and post-judgment interest as determined by this Court; and (d) such other and further relief as this Court deems just and proper.

Dated: November 7, 2019.

                                      **THOMPSON HINE LLP**

By: */s/ J.A. Schneider*
     J.A. Schneider (GA Bar No. 141437)
     Jonathan Nussbaum (GA Bar No. 162672)
     Two Alliance Center
     3560 Lenox Road NE, Suite 1600
     Atlanta, Georgia 30326-4266
     Telephone:  (404) 541-2900
     Facsimile:   (404) 541-2905
     *JA.Schneider@ThompsonHine.com*
     *Jonathan.Nussbaum@ThompsonHine.com*

     Emily J. Mathieu
     *(pro hac vice application forthcoming)*
     335 Madison Avenue, 12th Floor
     New York, NY 10017
     Telephone:  (212) 344-5680
     Facsimile:   (212) 344-6101
     *Emily.Mathieu@ThompsonHine.com*

     Brian J. Lamb
     *(pro hac vice application forthcoming)*
     3900 Key Center
     127 Public Square
     Cleveland, OH  44114
     Telephone:  (216) 566-5500
     Facsimile:   (216) 566-5800
     *Brian.Lamb@ThompsonHine.com*

     *Attorneys for Plaintiff Cain Brothers, a division of KeyBanc Capital Markets, Inc.*